decision, the appeals from the order denying defendant, appellant's motion to dismiss the complaint for insufficiency and from the order granting plaintiff's motion to strike certain paragraphs from the answer are dismissed. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.

DOROTHY M. WHEELER, Respondent, v. C. H. S. HOLDING CORPORATION, Appellant.— Judgment for plaintiff and against the defendant C. H. S. Holding Corporation, in action for payment of a balance of broker's commission reversed on the law, with costs, and the complaint dismissed, with costs. The plaintiff failed to prove any right to recover under the brokerage contract. (See *North Sea Developments, Inc.*, v. *Burnett*, 254 N. Y. 374.) The conclusion of law to the effect that plaintiff is entitled to judgment in the sum of $4,000 with interest and costs is reversed and a new conclusion of law to the effect that the defendant is entitled to judgment dismissing the complaint, with costs, is made. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

JOHN CAREY KENNELLY and Another, Copartners, Respondents, v. SYLVESTRE OIL COMPANY, INC., Appellant.— On argument, order granting plaintiffs' motion for discovery and inspection and denying defendant's motion for a bill of particulars affirmed, with ten dollars costs and disbursements; the discovery and inspection to proceed on five days' notice at the place and during the time stated in the order. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.

FREDERICK LOESER & Co., INC., Respondent, v. BERT KIRKMAN, as President of Local Union No. 3, International Brotherhood of Electrical Workers, Affiliated with American Federation of Labor and Building Trades Council, Appellant.— Order granting plaintiff's motion for an injunction *pendente lite* affirmed on argument, plaintiff to consent to proceed to trial at Special Term, Part III, Kings county, on Monday, February 11, 1935, with the consent of the justice presiding. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.

RAPHAEL W. ALPHER, Appellant, v. FRANK JOHNSON, Respondent.— Motion for reargument denied, without costs. Present — Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ.

MARIA ASSALONE, as Administratrix, etc., of DOMENICK ASSALONE, Deceased, Appellant, Respondent, v. THOMAS HAZEL, Respondent, and FORSYTHE BROS., INC., Appellant.— Motion for reargument granted and on reargument the decision of this court handed down on June 3, 1933 [240 App. Div. 701], is amended to read as follows: On appeal by Forsythe Bros., Inc., amended judgment reversed on the law and a new trial granted, costs to abide the event, upon the ground that the court erred in refusing to charge that there was no proof that defendant Hazel was an incompetent operator. The distinction between the negligence of the operator and his incompetency to operate the crane is clear in law. Hazel's experience was undisputed, and no evidence whatever was presented to establish his general incompetency. In the circumstances it is impossible to say on which basis the jury's verdict was predicated. We are, therefore, constrained to order a new trial. On appeal by plaintiff, the amended judgment, in so far as it dismisses the complaint as against defendant Hazel, is modified by adding thereto the words " but without prejudice," and as so modified unanimously affirmed, with costs to defendant Hazel. The order dated June 3, 1933, is modified accordingly. Present — Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ.